UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STANLEY M. THORNS, | ) | Case No. 2:12-cv-01466-JCM-NJK |
| Plaintiff(s), | ) | **ORDER** |
| vs. | ) | (IFP App - Docket No. 7) |
| REPUBLIC SERVICES, | ) | |
| Defendant(s). | ) | |

Plaintiff Stanley M. Thorns is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 7), and submitted a Complaint (Docket No. 7-1). This proceeding was referred to this court by Local Rule IB 1-9.

I.   *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

The Plaintiff filed his Complaint on the court's civil rights complaint form for actions pursuant to 42 U.S.C. § 1983. The substance of Plaintiff's allegations reveal, however, that he is not alleging a civil rights violation. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's Complaint alleges that while employed at Republic Services, he was discriminated and retaliated against. Plaintiff provides no allegation that any of the defendants either acted under color of state law or deprived him of a right protected by either the federal constitution or federal law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has therefore failed to state a claim for a violation of 42 U.S.C. § 1983.

Despite using the Court's form order for violations of 42 U.S.C. § 1983, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, and Title 38 U.S.C. § 4212. In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for her job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Here, Plaintiff has not alleged that he is part of a protected class, nor has he alleged that other similarly situated

employees received more favorable treatment. The Court finds that Plaintiff has not stated a claim for discrimination under Title VII.

To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that he committed a protected act, such as complaining about discriminatory practices; (2) that he suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Here, Plaintiff alleges that he was terminated because he complained to management about the amount of trash that was left for him at the beginning of his shift. Docket No. 7-1, at 4.[1] The Court finds that Plaintiff has not stated a claim for retaliation under Title VII.

Title 38 U.S.C. § 4212 requires agencies or departments of the United States to include a provision requiring that the party contracting with the United States in any contract in the amount of $100,000 or more take affirmative action to employ and advance in employment qualified covered veterans. Plaintiff has failed to state a claim under this statute, as he has not alleged that Republic Services engaged in such a contract with an agency or department of the United States, or that he is a qualified covered veteran. *Id.*; Docket No. 7-1. Finally, the court cannot discern, based on the Complaint submitted by Plaintiff, whether he can properly state any claim that would allow him to properly file a Complaint in this Court. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order

---

[1] In the general background portion of the Complaint, Plaintiff alleges that he made safety complaints to OSHA. In the specific portion, under Count I, however, Plaintiff alleges that he made complaints to Amanda, a management employee at the company, about the amount of trash left for him at the beginning of his shift each day. Plaintiff alleges that adverse actions, such as Amanda not inviting him to, or informing him of, meetings and failing to give him his 10-year award and safety award, were taken against him for these complaints. Docket No. 7-1, at 4.

granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **November 7, 2013**, to file his Amended Complaint, if he believes he can state a claim that would allow him to properly file a Complaint in this Court. To the extent Plaintiff believes he can state a claim under 42 U.S.C. § 1983, he may use the form that was used in his initial complaint. To the extent Plaintiff seeks to bring a claim other than one arising under 42 U.S.C. § 1983, he should file a complaint formatted in a manner consistent with the sample complaint attached hereto. Further, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint or his previously filed EEOC letter) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated: October 7, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4

```
1  Your Name
   Address
2  City, State, Zip
   Telephone Number
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7                  FOR THE DISTRICT OF NEVADA
8
9  Your Name,              )  CASE NUMBER WILL BE ASSIGNED
                           )  AT TIME OF FILING
10         Plaintiff,      )
                           )
11 vs.                     )  COMPLAINT
                           )
12         Defendant.      )
                           )
13                         )
14
15                      Jurisdiction
                    (Separate Paragraph)
16
17
18                       Complaint
                    (Separate Paragraph(s))
19           COMPLAINT MUST COMPLY WITH RULE 8(a)
                (A copy of Rule 8(a) is attached)
20
21                        Demand
                    (Separate Paragraph)
22
23
24
                                  (YOUR SIGNATURE IN INK)
25 Dated:                         Your name typed or printed
                                  Address
26                                Telephone Number
27
28
```